·RICHARD P. GRESHAM *v.* JAMES BROUGHTON.

**Statute of Limitations.**

The statute of limitations does not run in favor of a tenant in possession of real estate unless the tenant in some way refuses longer to acknowledge his landlord as the owner of the land and claims it as his own, and knowledge is brought to the landlord of such claim.

**Adverse Possession—Landlord and Tenant.**

If A becomes the tenant of B but for a day and then commences to hold adversely with the knowledge of B, B may recover the land by action commenced at any time within fifteen years, without showing any other fact than that A entered as his tenant.

APPEAL FROM LAUREL CIRCUIT COURT.

January 29, 1876.

OPINION BY JUDGE COFER:

Uriah Gresham by his will gave one-half of all his estate to his wife, and after certain small legacies to others, he gave the residue of his estate to the plaintiff, R. P. Gresham. It does not appear that there ever was a division of the landed estate of the testator between his widow and the plaintiff; nor is there anything in the record to show that the plaintiff ever became invested with title to any part of the land in contest beyond the one-half which was devised to him; and he cannot in any event, recover more than one-half of the tract, unless he can show in what manner he became invested with the one-half devised to the widow of the testator.

The instructions given by the court to the jury were longer and more numerous than were necessary, and some of them were so involved as not to be readily understood by a jury composed of men unlearned in the law.

The plaintiff failed to exhibit a paper title, and could only recover by showing that the testator, or the testator and himself together, had held the land by themselves or tenants for a period long enough to give title, or that the defendant was a tenant or quasi tenant, and thereby estopped to question his title. Norris, and Woodward Broughton entered under the testator, and Dedrick Broughton seems to have entered and held under Woodward; but after the death of the latter the evidence conduces to prove that Gresham's bond was surrendered, and that he surrendered the notes given for the land pursuant to an agreement between them in the lifetime of Woodward. If the contract was in fact rescinded and Woodward remained in possession until his death, and Dedrick Broughton continued in the possession afterwards, he was the tenant of Gresham; and if Dedrick's widow remained in possession after her husband's death she was also Gresham's tenant, and the statute of limitations did not run in her favor unless she in some way refused longer to acknowledge Gresham as the owner of the land and claimed it as her own, and he had knowledge of such refusal and claim of right in herself.

If Norris and Woodward Broughton entered under Gresham and held the land, claiming it under their respective purchases, their possession inured to the benefit of their vendor, as did the possession held by Dedrick and his widow up to the time when, if ever, Gresham became aware that the person in possession was claiming and holding against him; and if the land was held by Norris and Woodward, and Dedrick Broughton and Dedrick's widow, or any one or more of them continuously for a period of twenty years before the widow began, with the knowledge of Gresham, to assert claim in herself, the plaintiff has a right to recover one-half of the land, unless the widow and the defendant held the land for fifteen years after Gresham had knowledge that she was claiming it, in which event the law is for the defendant.

The second instruction given for the defendant was erroneous. The jury was told in that instruction, in substance, that it should find for the defendant if he and those under whom he claimed had held the land adversely for fifteen years before the commencement of the action, or if the plaintiffs or those under whom he claimed

had not been in the continued adverse possession for twenty years before that time, that is, as we understand it, before the defendant and those under whom he claims began to hold adversely to Gresham.

This wholly excludes the idea that the widow of Dedrick, who held possession until 1862, may have continued to hold amicably to a period within less than fifteen years before this suit was commenced. In that event the plaintiff had a right to recover, although he and his tenants may not have held adversely for twenty years prior to that time. If A becomes the tenant of B but for a day, and then commences to hold adversely with the knowledge of B, B may recover the land by action commenced at any time within fifteen years, without showing any other fact than that A entered as his tenant.

If the latter clause of the second instruction had been omitted the instruction would have been correct.

In the third instruction the court assumes that Mrs. Broughton told Gresham that she did not hold under him. If, instead of the defendant's third instruction, the court had told the jury that, although Uriah Gresham and those claiming under him may have held the land for more than twenty years, yet if they also believed that Mrs. Broughton denied Gresham's title and claimed the land as her own, and she and those claiming under her had held it for fifteen years after he had knowledge that she was claiming it, the law was for the defendant, the instruction would have been correct.

Defendant's fourth instruction is erroneous. In it the court improperly assumes that there was an interval between the possession of Norris and that of Woodward Broughton, and that the latter did not take possession until 1845. Whether there was an interval between the possession of these persons should have seen left to the jury to find when the latter entered. It is again assumed in this instruction that Mrs. Broughton held adversely and gave Gresham notice of that fact.

The fifth instruction was probably based upon a misconception of the statute against champerty and maintenance. That statute does not apply to a devise of land held adversely.

For the errors indicated the judgment is *reversed* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*G. Pearl, C. B. Farris, Charles Kirtly, for appellant.*

*Rodmans, for appellee.*